### STEMPEL et al. v. SUSSMAN.

(Supreme Court, Appellate Term. May 4, 1911.)

1. PARTIES (§ 88*)—MISJOINDER OF PARTIES—WAIVER OF OBJECTION.
    Where there is no plea in the answer that there was a misjoinder of parties plaintiff, and no demurrer, the objection is waived.

    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 145–147; Dec. Dig. § 88.*]

2. PARTIES (§ 14*)—MISJOINDER.
    The fact that one of the parties plaintiff admitted that he was interested in a company not a party to the present action is no ground for a dismissal of the complaint for misjoinder of parties.

    [Ed. Note.—For other cases, see Parties, Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Stempel and William Stempel, copartners, against Jacob Sussman. From a judgment of the Municipal Court of the City

of New York, dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Morris Leight, for appellants.

Boudin & Liebman (L. B. Boudin, of counsel), for respondent.

SEABURY, J. This action was brought by Max Stempel and William Stempel, copartners doing business under the name of M. Stempel & Son, to recover $50 alleged to have been paid the defendant under a mistake of fact. The plaintiff Max Stempel, upon cross-examination, was asked whether a Mr. Kapp was a "member of the firm of the National Supply Company," and he answered that he was not, but that he was the manager of that company, and had an interest in its profits. The defendant's counsel then moved to dismiss the complaint, "on the ground of misjoinder of parties in this action, and there is nothing before the court that there is anything due to the National Supply Company." This motion was granted, subject to the exception of the plaintiffs.

[1, 2] There was no plea in the answer that there was a misjoinder of parties, and in the absence of this plea, or a demurrer, the objection was waived. Egbert v. Hanson, 34 Misc. Rep. 760, 71 N. Y. Supp. 1135. Apart from this, however, there is nothing in the record to suggest that there was any merit in the objection. The fact that Max Stempel admitted on cross-examination that he was interested in the National Supply Company furnished no justification for dismissing the complaint in the present action, in which the National Supply Company was not a party.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.